IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLA KERN,   :   PLAINTIFF   : | |
| : No. | |
| : | |
| V   : | |
| : | |
| :   **(Electronically filed)** | |
| **HANOVER FOODS CORPORATION**   :   CIVIL DIVISION | |
| **DEFENDANT**   :   **Jury Trial Demanded** | |

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

AND NOW, TO WIT, comes PLAINTIFF, Carla Kern by and through her counsel, Jeremy A. Donham, Esquire, and files the following Complaint:

**INTRODUCTION & JURISDICTION**

1. PLAINTIFF Carla Kern, (hereinafter referred to as "PLAINTIFF") is an adult individual and resident of York County, Pennsylvania.

2. DEFENDANT, Hanover Foods Corporation, (hereinafter referred to as "DEFENDANT") is a York County, Pennsylvania business 1550 York Street, Hanover, Pennsylvania 17331. DEFENDANT's business address is 1486 York Street, Hanover, Pennsylvania 17331.

3. This case arises under and pursuant to the Family and Medical Leave Act, 29 U.S.C. §2601 et seq (hereinafter "FMLA") and violations of PLAINTIFF'S rights under the Workers' Compensation Act, 77 P.S. § 1 et seq., as well as the Pennsylvania Wage Payment and Collection Law 43 P.S. §260.1 et seq

4. This Court has jurisdiction in this matter and state claims pursuant to 28 U.S.C. Sections 1331 and 1367.

5. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of took place in this judicial district; evidence and employment records relevant to the allegations are maintained in this judicial district; the PLAINTIFF was terminated in this judicial district and but for the unlawful actions and practices of the DEFENDANTS would not have been; and the DEFENDANT is present and regularly conducts affairs in this judicial district.

## **UNDERLYING FACTS**

6. PLAINTIFF hereby incorporates by reference all forgoing paragraphs of this Complaint as though fully set forth at length herein.

7. The DEFENDANTS, upon information and belief, employed (50) or more persons when the unlawful conduct alleged in this complaint occurred.

8. PLAINTIFF began working for DEFENDANT on or about December 2011.

9. PLAINTIFF was hired by the DEFENDANT to work on the assembly line.

10. On April of 2013 PLAINTIFF had a surgery on her right knee. She had additional surgeries in March 2014 and December 2015 on her right knee.

11. During these physician visits and treatments and absences related to her workers compensation injury, PLAINTIFF used medical leave and specifically, FMLA as well as workers compensation since the injuries were work related.

12. During 2015 upon a return to work PLAINTIFF was placed on work restrictions but was experiencing discrimination and harassment from "Phil" a supervisor and Lori Simms because "Phil" and Ms. Simms would allow other workers without a disability and with less seniority to go home at times or give other work assignments to them but would not allow PLAINTIFF to go home or be placed on other work assignments which would have conformed to her restrictions.

13. PLAINTIFF notified DEFENDANT (Human Resource Manager, Merle Reese, and Lori Simms, the PLAINTIFF's Supervisor) about the discrimination and harassment.

14. Further, in an email dated March 3, 2015 entitled "Discrimination against disability and unfair treatment" which she addressed to Mr. Reese, PLAINTIFF outlines several complaints and specifically stated that she intended to contact the Pennsylvania Human Relations Commission ("PHRC").

15. Subsequently in a meeting with the company attorney, Mr. Reese, Shop Steward "Eddie" and Ms. Simms PLAINTIFF was advised not to file a discrimination complaint with the PHRC but to give them a chance to correct the issues.

16. PLAINTIFF continued using FMLA as needed because she was scheduled to work in a location without an accommodation.

17. PLAINTIFF had asked for an accommodation that would allow her to sit and stand at times and she was restricted about being in cold environments.

18. PLAINTIFF continued experiencing harassment from co-workers and supervisors when they would harass her about the days she needed to take off for doctor's appointments, and the failure of others to contact her when there was no work (during a storm for example).

19. Other co-workers were permitted to harass PLAINTIFF about her son whom was in the military and stationed overseas.

20. PLAINTIFF had been placed on "sit" and "Stand" restrictions by her physicians as needed and while she was in shift rotations.

21. In September 2016 PLAINTIFF injured her shoulder and had difficulty packing.

22. PLAINTIFF filed a worker's compensations claim on October 21, 2016.

23. After this, DEFENDANT would not rotate PLAINTIFF and this forced her to go long periods without bathroom breaks and breaks for her injuries.

24. PLAINTIFF at all times could perform the essential functions of her job and did so to the best of her ability.

25. PLAINTIFF requested that her physician give her a note for breaks since she was not receiving them as other non-disabled workers.

26. Despite her repeated complaints PLAINTIFF was not granted accommodations.

27. Further, co-workers would harass the PLAINTIFF saying things such as but not limited to: "…people who cannot do the same work as them should not be paid the same amount of money…" (Stated by a co-worker named "Glenda") and "…we all hurt but have to work and it's not fair…"yet (Stated by "Mandy") DEFENDANT failed to prevent or correct the harassment.

28. PLAINTIFF reported this harassment to her supervisor and a meeting was requested.

29. These instances of harassment were of a continuing nature such that the continuing violation theory applies.

30. After her FMLA ran out the DEFENDANT terminated the PLAINTIFF on January 13, 2017 stating that she was out of FMLA and was not eligible until early January.

31. She was also told that she had accumulated too many points under the employment policy and would be fired for that reason.

32. Many of the points she received were related to FMLA leave and workers compensation leave and should have been so delegated.

33. Plaintiff had been approved for FMLA on December 13, 2016 through June 8, 2017.

34. Later that day, December 13, 2016, Plaintiff was contacted by Mr. Reese and Connie Nonemaker, another human resource manager and told that she was out of FMLA and her absences would not be covered.

35. Plaintiff contacted Mr. Reese and told him she had received a letter indicating that she was approved for FMLA.

36. Mr. Reese stated that it was not accurate that she was not qualified until January 2017.

37. PLAINTIFF avers that her termination had nothing to do with unexcused absences and that this was just a pretext to terminate her due to her FMLA usage, use of worker's compensation, and workplace accommodation requests.

38. PLAINTIFF objected to the termination at the time when she raised the fact that she had received notifications of eligibility and absences were related to her FMLA and workers compensation but was fired anyway.

39. In a subsequent grievance, PLAINTIFF was reinstated to her work.

40. However, PLAINTIFF continues to endure discrimination, harassment, and retaliation after her return and has not been properly paid for time missed from work.

41. The DEFENDANT CORPORATION is liable for the actions of its agents under a theory of *Respondeat Superior*.

## COUNT 1: FAMILY AND MEDICAL LEAVE ACT INTERFERENCE

42. PLAINTIFF hereby repeats and repleads all preceding paragraphs of this Complaint and incorporates herein by reference as though fully set forth at length.

43. During the course of her employment PLAINTIFF's suffered from a serious health condition requiring, *inter alia*, workplace restrictions and time off for treatment.

44. PLAINTIFF's medical conditions required continuing treatment by a health care provider.

45. PLAINTIFF's medical conditions required treatment by a health care provider and resulted in a regiment of continuing treatment under the supervision of a health care provider.

46. As a result of PLAINTIFF's medical conditions, she requested intermittent FMLA as more fully noted above.

47. PLAINTIFF's medical conditions constitute a "serious health condition" as that term is defined under and pursuant to the FMLA.

48. PLAINTIFF provided verbal and/or written information to her employer that PLAINTIFF's absences were related to treatment of her serious medical condition.

49. PLAINTIFF's employer was provided with sufficient information to reasonably verify that the PLAINTIFF would be required to miss work on occasion in order to treat and for other reasons related to her medical condition.

50. At all relevant times hereto, PLAINTIFF had been employed by her employer for at least 12 months and had been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of her request for FMLA.

51. At all relevant times hereto, her employer employed 50 or more employees within 75 miles of PLAINTIFF's worksite for a period of 20 or more calendar work weeks.

52. Accordingly, at all time's material to this Complaint DEFENDANT and her supervisors as more fully noted above were "covered employers" within the meaning of the FMLA.

53. PLAINTIFF reasonably relied on the representations of her employer, and her supervisors, that they were "covered employers" within the meaning of the FMLA.

54. At all times material to this Complaint PLAINTIFF was an "eligible employee" within the meaning of the FMLA.

55. PLAINTIFF's medical leave requests would have been protected absences under and pursuant to the FMLA and regulations promulgated thereunder.

56. However, PLAINTIFF's employer, and her supervisors did not afford PLAINTIFF the opportunity to fully utilize FMLA leave in connection with said medical absences and in violation of 29 C.F.R. §825.302(c).

57. Instead, PLAINTIFF's employer, her supervisors and its agents, disciplined PLAINTIFF and terminated her employment effective on January 13, 2017 despite her requests for FMLA and her insistence that prior absences were covered by FMLA.

58. PLAINTIFF's employer and her supervisors were required to communicate with PLAINTIFF regarding her rights under the FMLA, including but not limited to the provision of an individualized notice to employees regarding FMLA rights and obligations.

59. PLAINTIFF's employer, her supervisors interfered with PLAINTIFF's rights under the FMLA by failing to notify her adequately regarding her rights under the law.

60. PLAINTIFF was qualified for FMLA leave and would have structured her leave in such a manner as to preserve her rights under the law including but not limited to her full reinstatement rights had her employer and supervisors adequately notified PLAINTIFF regarding her rights under the law.

61. All requested leave periods, including intermittent leave, would have been protected absences pursuant to the FMLA and regulations promulgated thereunder.

62. PLAINTIFF's employer and her supervisors acknowledged that PLAINTIFF was seeking FMLA prior to and at the time of her termination.

63. Yet, PLAINTIFF's employer failed to provide PLAINTIFF her entitled FMLA leave of absence when they terminated her.

64. Further, PLAINTIFF's employer, and her supervisors harassed and retaliated against PLAINTIFF because of these requests and ultimately discharged PLAINTIFF's employment effective January 13, 2017.

65. PLAINTIFF'S employer and her supervisors possessed no good faith, legitimate basis for its actions or the discharge of PLAINTIFF's employment.

66. The DEFENDANTS retaliation against the PLAINTIFF by discharging PLAINTIFF's employment constitutes an adverse employment action(s).

67. Accordingly the PLAINTIFF's leave was interfered with due to the following:

   a. Unreasonably withholding approval and/or authorization of PLAINTIFF's request for medical leave.
   b. Failing to effectively communicate with PLAINTIFF regarding the status of her FMLA requests.
   c. Failing to follow normal procedures with respect to the processing of a leave request pursuant to the FMLA.
   d. Failing to provide timely written notices to PLAINTIFF as required by the FMLA and regulations promulgated thereunder.
   e. Discharging PLAINTIFF's employment without cause effective on or about January 13, 2017.

    f. Discharging PLAINTIFF's employment without cause in order to deprive her of an FMLA leave of absence and/or job restoration status.
    g. Denying PLAINTIFF's health and other fringe benefits to which she would be entitled throughout the duration of her FMLA leave.

68. The DEFENDANTS willfully violated Section 29 U.S.C. §2615(a)(1) in that it interfered with, restrained, and/or denied the exercise or attempt of exercise of PLAINTIFF's rights under the FMLA, as more fully set forth above.

69. In addition and/or in the alternative, and on information and belief, the DEFENDANTS violated the FMLA and regulations promulgated there under by failing to make, keep and/or preserve records pertaining to compliance with the FMLA.

70. The DEFENDANTS' acts and omissions, and conduct as more fully described above were knowing and willful.

71. The DEFENDANTS' acts and omissions, as more fully described above, were performed in bad faith and without a reasonable basis, thereby rendering the employers liable for liquidated damages pursuant to the FMLA, and claim is made therefore.

72. As a result of the DEFENDANTS' violations of the FMLA, as more fully described above, PLAINTIFF is entitled to back pay and wages together with interest thereon pursuant to the FMLA, and claim is made therefore.

73. As a result of the DEFENDANTS' violations of the FMLA, as more fully described above, PLAINTIFF is entitled to be reinstated to her position or to front pay and benefits pursuant to the FMLA, and claim is made therefore.

74. PLAINTIFF is further entitled to recover her attorney fees, expert witness fees, and other costs related to the instant matter pursuant to the FMLA, and claim is made therefore.

**COUNT 2: FAMILY AND MEDICAL LEAVE ACT RETALIATION**

75. PLAINTIFF hereby repeats and repleads all preceding paragraphs of this Complaint and incorporates herein by reference as though fully set forth at length.

76. In 2015, 2016, and 2017 PLAINTIFF attempted to exercise her rights under the FMLA.

77. The FMLA and regulations promulgated thereunder prevent an employer from discriminating against employees and prospective employees who have exercised rights and/or taken FMLA leave. 29 U.S.C. §2615(a)(2); 29 C.F.R. §825.220(c).

78. DEFENDANT willfully violated the FMLA and regulations promulgated thereunder in that they demoted, discharged, discriminated and/or retaliated against the PLAINTIFF as a result of her use of FMLA leave or attempt to use FMLA leave, including but not limited to what has been more fully outlined above including but not limited to the immediate discharge of PLAINTIFF once it had knowledge of her request and need for FMLA leave.

79. DEFENDANT willfully violated Section 29 U.S.C. §2615(a)(2) in that they discharged, discriminated and/or retaliated against PLAINTIFF as a result of her request for FMLA leave or attempt to use FMLA leave, as more fully set forth above.

80. In addition and/or in the alternative, and on information and belief, the DEFENDANT violated the FMLA and regulations promulgated thereunder by failing to make, keep and/or preserve records pertaining to FMLA compliance.

81. The DEFENDANT's acts and omissions, and conduct as more fully described above, were knowing and willful.

82. The DEFENDANT's acts and omissions, as more fully described above, were performed in bad faith and without a reasonable basis thereby rendering the DEFENDANT liable for liquidated damages pursuant to the FMLA, and claim is made therefor.

83. As a result of the DEFENDANT's violation of the FMLA, as more fully described above, PLAINTIFF is entitled to back pay and wages together with interest thereon pursuant to the FMLA, and claim is made therefor.

84. As a result of the DEFENDANT's violations of the FMLA, as more fully described above, PLAINTIFF is entitled to be reinstated to her position or to front pay and benefits pursuant to the FMLA, and claim is made therefor.

85. PLAINTIFF is further entitled to recover her attorney fees, expert witness fees, and other costs related to the instant matter pursuant to the FMLA, and claim is made therefor.

86. The discharge of PLAINTIFF's employment effective on January 13, 2017 constitutes adverse employment action.

WHEREFORE, the PLAINTIFF requests this Honorable Court to enter judgment in her favor and against the DEFENDANT jointly and/or severally for:

1. Back pay and benefits;
2. Front pay and benefits should reinstatement prove unfeasible;
3. Statutory prejudgment interest;
4. Compensatory damages;
5. Liquidated damages;
6. Reasonable attorney fees and costs; and
7. Any other relief that this Court deems just and equitable.

### COUNT 3 WRONGFUL DISCHARGE
### WORKERS COMPENSATION RETALIATION

87. PLAINTIFF hereby repeats and repleads all preceding paragraphs of this Complaint and incorporates herein by reference as though fully set forth at length.

88. PLAINTIFF is entitled to a public policy exception to the at-will Doctrine due to DEFENDANTS retaliation for her use of Workman's Compensation and subsequent discharge for doing so.

89. As more fully described above, the PLAINTIFF sought treatment, was approved for workers compensation due to her workplace injuries, but then was not permitted to fully utilize her workers compensation, was not provided accommodations for her restrictions when returning to work, and was given points for absences related to workers compensation and was subsequently terminated.

90. The PLAINTIFF believed this was in retaliation for her use of workers compensation.

91. Following her return to work after the grievance reinstated her, she began to experience further retaliation when the DEFENDANT refused to properly accommodate her and has kept on placing undue pressure on her to perform although restricted.

92. The DEFENDANT wrongfully discharged the PLAINTIFF from her employment in retaliation for her exercise of her rights under the Workers' Compensation Act.

93. DEFENDANT'S intent in discharging the PLAINTIFF from her employment was to retaliate for the PLAINTIFF's exercise of her rights under the Workers' Compensation Act, 77 P.S. § 1 et seq., and the discharge is in violation of the public policy of the Commonwealth of Pennsylvania.

94. The PLAINTIFF continues to experience retaliation in various forms although reinstated.

*WHEREFORE*, PLAINTIFF requests that this Honorable Court find that DEFENDANT'S Worker's Compensation Retaliation constitutes a public policy exception to the Workers' Compensation Act, 77 P.S. § 1 et seq., and award damages, costs, and attorney's fees as determined under law and proven at trial.

## COUNT 4: WAGE PAYMENT AND COLLECTION LAW

95. PLAINTIFF hereby repeats and repleads all preceding paragraphs of this Complaint and incorporates herein by reference as though fully set forth at length.

96. At all relevant times hereto, PLAINTIFF resided in the Commonwealth of Pennsylvania and DEFENDANT conducted business within the Commonwealth of Pennsylvania.

97. The Pennsylvania Wage Payment and Collection Law 43 P.S. §260.1 et seq. defines "employer" to include "every <u>person</u>, firm, partnership, association, corporation, receiver, or other officer of a court of the Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. §260.2(a) (emphasis added).

98. At all times material to this Complaint, DEFENDANT was an "employer" within the meaning of the Pennsylvania Wage Payment and Collection Law because they employed PLAINTIFF in this Commonwealth.

99. The Pennsylvania Wage Payment and Collection Law defines "wages" to include "all earnings of an employee, regardless of whether determined on time, task, piece,

commission, or other method of calculation. The term 'wages' also includes fringe benefits or wage supplements whether payable by the employer from his funds or from amounts withheld from the employee's pay by the employer". 43 P.S. §260.2(a) (emphasis added).

100. Despite demand for same, DEFENDANT failed to pay PLAINTIFF for wages and benefits due and owing for the work performed by PLAINTIFF throughout her employment with DEFENDANT.

101. DEFENDANT has failed to pay PLAINTIFF "wages" as the term is defined by Pennsylvania's Wage Payment and Collection Law including fringe benefits and wage supplements due and owing to PLAINTIFF on account of PLAINTIFF's employment with DEFENDANT.

102. Payment by DEFENDANT of earned but unpaid wages and commissions have not been paid and were not made to PLAINTIFF within the time requirements authorized pursuant to the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.3 and 43 P.S. §260.5.

103. PLAINTIFF'S pay to which she was owed for hours worked are not fully known to the PLAINTIFF as the records of these hours remains in the possession of the DEFENDANT and thus will require discovery in order to be more fully proven at trial

104.   As a result thereof, PLAINTIFF is entitled to payment of wages and benefits owed, liquidated damages, and attorney's fees and costs pursuant to the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.10 and 43 P.S. §260.9(a)(f) and any other applicable section.

**WHEREFORE**, PLAINTIFF respectfully requests that this Court enter judgment in her favor and against DEFENDANT and order DEFENDANT to pay PLAINTIFF damages to include, without limitation:

1. Back wages and benefits in an amount which will be determined at trial.

2. Compensatory damages including earned but unpaid wages, benefits and/or wage supplements;

3. For statutory prejudgment interest;

4. For reasonable costs and attorney fees;

5. For liquidated damages in an amount to be proven at trial; and

6. For any other relief that this Court deems just and equitable

Respectfully submitted,

DONHAM LAW

By: */s/ Jeremy A. Donham, Esquire*
Jeremy A. Donham, Esquire
Attorney for PLAINTIFF
Supreme Ct. I.D. #206980
P.O. Box 487
Dellslow, WV 26531
(717) 676-7749
(888) 370-5177 (fax)
E-mail: donhamlaw@comcast.net